**Ike McLAIN, Plaintiff,**

v.

**AMERICAN INTERNATIONAL RECOVERY, INC., Defendant.**

**Civil Action No. 3:97–CV–796BN.**

United States District Court, S.D. Mississippi, Jackson Division.

March 31, 1998.

G. Garland Lyell, III, Attorney, Jackson, MS, for Plaintiff.

Robert A. Miller, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court pursuant to Plaintiff's Motion to Remand. Having considered the Motion, briefs of the parties, and applicable legal authorities, the Court finds that the Motion is well taken and should be granted.

### I. BACKGROUND

American International Recovery, Inc. ("AIR") filed a complaint alleging insurance fraud against Ike McLain ("McLain") in the Circuit Court of Rankin County, Mississippi. The Rankin County action terminated in favor of McLain. McLain subsequently

brought suit against AIR in the County Court of the First Judicial District of Hinds County, Mississippi. McLain claims that the actions of AIR, in filing the Rankin County lawsuit, were malicious, intentional, and reckless. McLain demanded $49,500 in compensatory and punitive damages.

The attorney for AIR believed that the Plaintiff was playing a jurisdictional game by pleading damages below the $75,000 minimum for diversity jurisdiction and that he planned to use a scheme to defeat the jurisdiction of this Court which purportedly has been used by others. In that scheme, the plaintiff's attorney files a complaint in state court alleging damages below the federal jurisdictional amount. The plaintiff's attorney plans to amend the state court complaint and allege damages well above the federal diversity jurisdictional amount when a year from filing the original complaint has run. At that time, though the damages may exceed $75,000 and there is complete diversity between the parties, the case cannot be removed to federal court because 28 U.S.C. § 1446(b) states that a case cannot be removed on diversity grounds, "more than 1 year after commencement of the action."

To prevent this jurisdictional game playing, the attorney for AIR sent McLain's attorney a stipulation that essentially limits McLain's damages to $75,000. In the stipulation, McLain had to agree not to amend his complaint or argue to the jury that his damages exceeded $75,000. The attorney for AIR imposed an October 12, 1997, deadline for the return of the stipulation. McLain's attorney did not sign the stipulation. AIR removed the action to this Court on November 5, 1997. McLain filed a Motion to Remand which is presently pending before the Court.

---

1. 28 U.S.C. § 1446(b) provides:
   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

## II. DISCUSSION

### A. Did AIR Remove This Case Prematurely?

McLain contends that this action should be remanded to state court because AIR did not receive an "amended pleading" or "other paper" from which it may be ascertained that the case has become removable. In the alternative, McLain argues that the case should have been removed within 30 days of AIR's receipt of the initial pleading. AIR responds by arguing that the case became removable when McLain refused to sign and return the stipulation by October 12, 1997. AIR claims that removal was proper because the case was removed within 30 days of the passing of the October 12, 1997, deadline.

The Court finds that AIR removed this action prematurely. If an action is not removable at the time the initial pleading is filed, the action may become removable if a defendant receives "an amended pleading, motion, order or other paper" that reveals that the case has become removable. 28 U.S.C. § 1446(b).[1] The case must be removed within 30 days of receipt of the pleading that suggests federal jurisdiction exists. *Id.* For example, if a plaintiff files a lawsuit in state court alleging only $49,000 in damages and the defendant later receives a document that reveals that the plaintiff is really seeking in excess of $75,000, the defendant may remove the case within 30 days of receipt of this document. *Johnson v. Dillard Dept. Stores*, 836 F.Supp. 390, 394–95 (N.D.Tex.1993).

Until a defendant receives in writing, a statement that suggests that a plaintiff plans to seek more than $75,000 in damages, the case is not removable to federal court. *Gibble v. Wal–Mart Stores, Inc.*, 1996 WL

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

41572 (E.D.Pa.1996). Even if a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount, if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal.

This point is clearly illustrated by the case of *Gibble v. Wal–Mart Stores, Inc.*, 1996 WL 41572 (E.D.Pa.1996). In *Gibble*, an action was filed against Wal–Mart in state court. Counsel for Wal–Mart requested that the lawyer for the plaintiff execute a written stipulation limiting the damages to less than $50,000 (jurisdictional amount is now $75,-000). *Id.* at *1. The plaintiff refused to sign and return the stipulation. Wal–Mart removed the case on this ground and argued that the case was removable because the plaintiff failed to stipulate that her damages were less than $50,000. At no time did Wal–Mart's lawyer receive an "amended pleading" or "other paper" that indicated that the plaintiff was seeking damages in excess of the jurisdictional amount.

The Eastern District of Pennsylvania held that the action was improperly removed because Wal–Mart had not received an "amended pleading" or "other paper" that indicated federal jurisdiction existed. The court not only remanded the case, but also awarded attorney's fees. In so holding, the court stated, "the lack of a response to the removing defendant's letter request to plaintiff's counsel to execute a stipulation limiting damages can provide no support for removal of this action." *Id.* at *2. The court further stated, "the letter itself is not the type of document filed in court, it is difficult to fathom how the non-existence of a responsive document" could be a ground for removal. *Id.*

■ The Court finds that the analysis of the *Gibble* court equally applies to this case. This case was removed prematurely because the Complaint on its face does not reveal a basis for this Court to exercise jurisdiction over this matter. The damages sought ($49,-

500) are below the jurisdictional amount. In addition, AIR has not received a copy of "an amended pleading, motion, order, or other paper" that reveals that this case is removable. The mere failure to respond to a request for stipulation cannot be used as a basis for removal. Simply put, this failure does not constitute an "amended pleading" or "other paper" that the Court can use to determine if diversity jurisdiction exists. Therefore, since § 1446(b) has not been triggered, the Court finds that this case was removed prematurely. *See also Smith v. Bally's Holiday*, 843 F.Supp. 1451, 1455 (N.D.Ga.1994) (holding that an oral communication by a plaintiff's lawyer that plaintiff's damages were in the six-figure range could not support removal of a case since the defense lawyer had not received an "amended pleading" or "other paper" that shows the jurisdictional amount was met).

## B. The Preferred Approach

■ When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record. This discovery response will constitute "other paper" that affirmatively shows that the jurisdictional amount may be satisfied. *See Freeman v. Witco Corp.*, 984 F.Supp. 443, 450 (E.D.La.1997).[2]

Removal based on this ground is illustrated by the case of *Freeman v. Witco Corp.*, 984 F.Supp. 443, 450 (E.D.La.1997). In *Freeman*, the plaintiff filed a lawsuit in state

**2.** *See also, Jackson v. Mississippi Farm Bureau Mut. Inc. Co.*, 947 F.Supp. 252, 254 (S.D.Miss. 1996), (citing *Van Gosen v. Arcadian Motor Carriers*, 825 F.Supp. 981 (D.Kan.1993)). In addition, the case may become removable if a defense attorney receives anything tangible in writing such as a demand letter that affirmatively reveals that the plaintiff is seeking damages in excess of $75,000. This demand letter should be filed in the record. This demand letter will constitute "other paper" that affirmatively shows that the jurisdictional amount has been satisfied. *See Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 82 (S.D.Miss.1995).

court. The defendant sent the following discovery request to the plaintiff.

> Request No. 1:
>
> Admit that you will not seek damages nor will you execute on any judgment or judgments rendered in your favor against any of the defendants in excess of $75,000, exclusive of interests and costs.

*Freeman,* 984 F.Supp. at 447. The plaintiff gave the following answer:

> Request No. 1
>
> Denied. This request is premature. Mr. Clayton Freeman is continuing to work light duty. We cannot within a reasonable legal and/or medical probability stipulate to this request at this time.

*Id.*

The Eastern District of Louisiana held that the plaintiff's response to the discovery request constituted "other paper" that affirmatively showed that the plaintiff may be seeking damages in excess of $75,000. The court held that since the notice of removal was filed within 30 days of the defendant's receipt of this discovery response, removal was timely.

C. Costs, Expenses, and Attorney's Fees

The Plaintiff has also requested that this Court award costs, expenses, and attorney's fees associated with removal of this case. 28 U.S.C. § 1447(c) reads in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Fifth Circuit has held that courts have discretion under this statute to determine when costs and expenses should be awarded. *See Avitts v. Amoco Production Co.,* 111 F.3d 30, 32 (5th Cir.1997); *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). The Fifth Circuit has declined to award costs and expenses associated with a removed case if the area of law is complex and uncertain. *Vatican Shrimp Co., Inc., v. Solis,* 820 F.2d 674 (5th Cir.1987). If the Court finds that there was no basis for removal or that the case was removed simply to harass the plaintiff, this Court can exercise its discretion to award attorney's fees. *Barker v. John Deere Ins. Co.,* 932 F.Supp. 785, 788 (S.D.Miss.1996) (*citing Gold v.*

*Blinder Robinson & Co., Inc.,* 580 F.Supp. 50, 55 (S.D.N.Y.1984)). Courts have denied requests for attorney's fees if there was an arguable basis for removal and the defendant removed the action in good faith. *Id.* Stated differently, it is clear that an award of attorney's fees should be limited to cases where removal was obviously improper.

The Court finds that McLain's request for attorney's fees is well taken and is granted. AIR should have recognized that this case could not be removed absent some "amended pleading" or "other paper" that suggested that this Court could exercise jurisdiction over this case. AIR has cited no case that stands for the proposition that a case can be removed based on a plaintiff's failure to respond to a document.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [2–1] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Plaintiff is awarded reasonable attorney's fees associated with the removal of this case.

IT IS FURTHER ORDERED that this case be remanded to the County Court of the First Judicial District of Hinds County, Mississippi.