**Beverly LEWIS, Plaintiff,**

v.

**ABBOTT LABORATORIES, and John Does 1 Though 10, Defendants.**

**No. CIV.A. 301CV47WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 28, 2001.

Barry W. Gilmer, Gilmer Law Firm, Madison, for Beverly Lewis, plaintiffs.

John P. Sneed, James William Shelson, Phelps Dunbar, Jackson, for Abbott Laboratories, defendants.

### ORDER GRANTING REMAND

WINGATE, District Judge.

Before the court is the motion of the plaintiff to remand this cause to the Circuit Court of Rankin County, Mississippi, pursuant to the authority of Title 28 U.S.C. § 1447(c).[1] The plaintiff Beverly Lewis filed this complaint in state court without alleging that she was seeking a judgment in any particular amount. The plaintiff's complaint states that the defendants were responsible for manufacturing and placing in the stream of commerce a device called the Life Care PCA, a pump which delivers medication into a person intravenously at specific time intervals. The plaintiff's complaint further asserts that the device was defective and delivered an excessive quantity of morphine into the plaintiff, causing the injuries of which she now complains.

Abbott Laboratories, the only named defendant, answered the complaint and submitted requests for admissions in the state court which asked the plaintiff to admit

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

that her damages did not exceed $75,000.00. The plaintiff did not answer and, instead, asked for and received an extension of time in which to answer all discovery. The extended time period lapsed without the plaintiff answering. Acting on the premise that the failure to answer had triggered the thirty-day limitation for removal to federal court,[2] the defendants removed this case to pursuant to Title 28 U.S.C. § 1441(a),[3] predicating this court's subject matter jurisdiction on diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of costs and interests. Title 28 U.S.C. § 1332.[4]

The plaintiff objects to the removal of this case and seeks remand based primarily on the contention that her failure to answer the request for admission in state court means that the request for admission now must be deemed admitted and the requisite amount in controversy simply is not present if the plaintiff's damages are admitted to be less than $75,000.00. Additionally, the plaintiff insists that the defendants have the burden of proving that the requisite amount in controversy is present in the instant case.

■ Generally, in diversity cases, the courts determine the amount in controversy from the complaint itself, unless it appears, or is in some way shown, that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Company*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890, 894 (1961) (quoting *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The United States Supreme Court in *Horton* stated that, "[i]n deciding this question of good faith we have said that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 353, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. This "legal certainty" test is applied to jurisdictional amount questions in removed cases, as well as cases originally brought in federal court. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). So, this court lacks jurisdiction if it is apparent, to a legal certainty, that the plaintiff cannot, or is not entitled to, recover the jurisdictional minimum. *See St. Paul Mercury*, 303 U.S. at 288, 58 S.Ct. 586, 82 L.Ed. 845.

■ Of course, when a plaintiff does not desire to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional

**2.** In *McLain v. American International Recovery,* 1 F.Supp.2d 628, 631 (S.D.Miss.1998), the court noted that a defendant can have a case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record. This discovery response will constitute "other paper" that affirmatively shows that the jurisdictional amount may be satisfied. *Id.* at 631.

**3.** Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**4.** Title 28 U.S.C. § 1332(a) provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
(1) citizens of different States; ...

amount, and though he would be justly entitled to more, the defendant cannot remove the case. *St. Paul Mercury,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845. Thus, if a plaintiff pleads damages less than the jurisdictional amount, he can bar a defendant from removing the case to federal court. *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995); however, in order to do so, the plaintiff must show that he is "bound irrevocably" by his state court pleading. *De Aguilar,* 47 F.3d at 1412 n. 10.

■ This court finds that while the plaintiff failed to respond to a request for admissions relative to this court's jurisdictional amount, the defendant still has not established that plaintiff's current claim for damages. of any type or character whatsoever is above this court's minimum jurisdictional amount of $75,000.00, exclusive of costs and interests. By failing to answer the request for admissions, plaintiff, under state law, simply admitted that her damages do not exceed $75,000. *See Sunbelt Royalty, Inc. v. Big–G Drilling Company, Inc.,* 592 So.2d 1011, 1012 (Miss. 1992); and *Martin v. Simmons,* 571 So.2d 254, 256 (Miss.1990) (the matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter); Rule 36(a) Mississippi Rules of Civil Procedure. Upon this occurrence, plaintiff's complaint was in no different posture than one where plaintiff explicitly pleaded an amount below this court's jurisdictional limit. Under either or both of these scenarios, defendant, to justify removal, must present this court more than a hunch or suspicion that the amount in controversy exceeds $75,000.00, exclusive of costs and interests. Defendant has not met that burden.

Of course, plaintiff may amend her complaint at a later time. While Mississippi courts are not permitted to enter final judgment for monetary amounts' exceeding those demanded in the pleadings or amended pleadings,[5] this court previously has noted that the amount sought may be amended at any time before the jury is presented with the case. *Virgil v. Reorganized M.W. Co., Inc.,* 156 F.Supp.2d 624, 628 (S.D.Miss.2001), citing *Draper v. United States Fidelity & Guaranty Company,* No. 3:00CV70BN, 2000 WL 268565, at *3 n. 1 (S.D.Miss.Mar.8, 2000) (Barbour, J.); see also the recent case of *Turner v. Terry,* 799 So.2d 25, 2001 WL 171318, *12 (Miss.), decided February 22, 2001, where the Mississippi Supreme Court noted that a judge may award a party any relief to which he is entitled, even if the party fails to make a specific demand for such in the complaint.

Should, however, plaintiff seek to amend her complaint, within the requisite time period of Title 28 U.S.C. § 1446(b),[6] to

---

**5.** Rule 54(c) of the Mississippi Rules of Procedure states in pertinent part that, "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings; however, final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings."

**6.** Title 28 U.S.C. § 1446(b) provides in pertinent part that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this

request damages in an amount commensurate with this court's jurisdictional authority, defendant again may remove this lawsuit to this court. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir.2000) (a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit); and *New York Life Insurance Company v. Deshotel et al.*, 142 F.3d 873, 886 (5th Cir.1998) (holding that § 1446(b) applies to cases, such as the instant case, that are not initially removable).

Therefore, this court grants the plaintiff's motion to remand this case to the Circuit Court of Rankin County, Mississippi.

title more than one year after commencement of the action."