### Carl WILBANKS Plaintiff

v.

### The NORTH AMERICAN COAL CORPORATION and Marcelo P. Merino Defendants

### No. CIV.A. 3:04CV394BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 8, 2004.

Dexter C. Nettles, Jr., Nettles & Rhea, Carthage, MS, for Carl Wilbanks, plaintiff.

H. Wesley Williams, III, James Henderson Hall, Markow Walker, P.A., Jackson, MS, for North American Coal Corporation, Marcelo P. Merino, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand and Plaintiff's Mo-

tion for Recovery of Attorney's Fees. Having considered the Motions, Responses, Rebuttals, supporting and opposing memoranda, and attachments to each, the Court finds that the Motion to Remand is well taken and should be granted. Additionally, the Court finds the Motion to Recover Attorney's Fees and Costs is not well taken and should not be granted.

## I. *Factual Background and Procedural History*

This cause of action involves a vehicular collision. Plaintiff in this case originally filed suit in the Circuit Court of Leake County, Mississippi, on March 25, 2004. Recital of the specifics of the facts and allegations is not necessary for an understanding of this Opinion and Order. The *ad damnum* clause of the Complaint prays for damages "in the total amount of Sixty-five Thousand and 00/100ths Dollars ($65,000.00) for the personal injuries he received as a result of the negligence of Defendant." [1]

Defendants removed the case to this Court on May 26, 2004. Plaintiffs filed the subject Motion to Remand on June 24, 2004. The Motion to Remand is now ripe for consideration by the Court.

## II. *Analysis*

Defendants removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction. The statutory basis for the removal of a case to federal court is set forth at 28 U.S.C. § 1441(a), which states, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." A removing defendant bears the burden of demonstrating federal jurisdiction. *Asociacion Nacional*

*de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 563 (5th Cir. 1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). Removal jurisdiction is generally based on the state court complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 265 (5th Cir.1995). However, 28 U.S.C. § 1446(b) states that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is ... removable." Pursuant to 28 U.S.C. § 1447(c), a federal district court may remand a case to state court if it finds that removal was improper.

Jurisdiction in the present case is asserted on the basis of diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction requires that the parties are completely diverse and that the amount in controversy exceeds the minimum sum of $75,000.00, exclusive of interest and costs. *See Id.* There is no dispute in this case that the parties are of diverse citizenship. The sole issue is whether the amount in controversy requirement is met.

■ In general, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The United States Court of Appeals for the Fifth Circuit has clarified this standard, holding that:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is

---

1. *See* Plaintiff's Complaint. The court notes that because Plaintiff is pursuing a claim based upon negligence, punitive damages are not available.

greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled....
*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis in original), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

In *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995), the Fifth Circuit discussed in a footnote the analysis which a court must follow. *Id.* at 1335 n. 14. (citing *De Aguilar*). A court must first look to the complaint because if the plaintiff alleges a specific amount (whether above or below the jurisdictional limit) "that amount controls if made in good faith." *Id.* at 1335. However, the Court went on to say that the second step in the analysis is to determine whether the defendant has proven by a preponderance that the amount in controversy actually exceeds the jurisdictional amount, particularly in cases where the amount alleged is less than the jurisdictional amount. *Id.* at 1335 n. 14.

The instant case poses the particular dilemma encompassed under this second step. In Plaintiff's complaint he explicitly states he seeks compensation "in the total amount of Sixty-five Thousand and 00/100ths Dollars ($65,000.00)." Such an explicit proclamation generally controls the amount in controversy question, as plaintiffs are regarded as masters of their own complaint and are presumed to proceed in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). But often other information comes to light; information that, once received, notifies defendant(s) that his or her case is at least potentially removable. For instance, in this case Defendants propounded the following requests for admission and received the following answers:

*Request No. 1:* Please admit that the plaintiff is not seeking damages exceeding $75,000, exclusive of interest and costs in this case.
*Answer:* Denied.
*Request No. 2:* If you denied Request for Admission No. 1, please admit that the Plaintiff will not, after the expiration of one year from the date this action was commenced, move to amend the Complaint to seek damages in excess of $75,000, exclusive of interest and costs.
*Answer:* Plaintiff objects to Request No. 2 because it calls for speculation. However without waiving objection the Plaintiff would admit Request No. 2.
*Request No. 3:* If you denied Request for Admission No. 1, please admit that the plaintiff or her attorneys will not ask a judge or jury for damages in excess of $75,000.
*Answer:* Plaintiff objects to Request No. 3 because it calls for speculation. However without waiving objection the Plaintiff would admit Request No. 3.
*Request No. 4:* If you denied Request for Admission No. 1, please admit that in the event of a verdict in excess of $75,000, the plaintiff and her attorneys agree that they will not execute on any portion of the judgment that exceeds $75,000.
*Answer:* Plaintiff objects to Request No. 4 because it calls for speculation. However without waiving objection the Plaintiff would admit Request No. 4.
*Request No. 5:* If you denied Request for Admission No. 1, please admit that in the event of a verdict in excess of $75,000, the plaintiff and her attorneys agree that any such judgment will be satisfied and canceled upon payment of $75,000.
*Answer:* Plaintiff objects to Request No. 5 because it calls for speculation. However without waiving objection the Plaintiff would admit Request No. 5.

*See* Exhibit "B" to Plaintiff's Motion to Remand, dated June 24, 2004.

The problem lies in Plaintiff's Answers. Plaintiff did state that his claim would not exceed $75,000 *at this point in time.* But Defendants are rightly concerned about what the claim will be worth *in the future.* On this issue, there are two readings of Plaintiff's Answers. One reading is that Plaintiff is being honest and forthright, and that he is only preserving his ability to seek more in damages should unforeseen circumstances arise. The other reading of the Plaintiff's answers is more cynical. Under that reading he appears to be attempting leave himself an "out" under the guise of "speculation." [2]

■ Upon receiving these answers, Defendants believed these answers constituted "other paper" from which it was ascertainable that the case had become removable.[3] Defendants reasonably hinged that belief upon two prior decisions in cases before this Court.[4] Those cases, *Draper v. U.S. Fidelity and Guaranty Co.,* No. Civ.A. 3:00CV70BN, 2000 WL 268565, (S.D.Miss. Mar. 8, 2000) and *McLain v. Am. International Recovery Inc.,* 1 F.Supp.2d 628 (S.D.Miss.1998) set forth in detail what this Court has entitled "The Preferred Approach." In *McLain* the "Preferred Approach" was set forth as follows:

> When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state

court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record. This discovery response will constitute "other paper" that affirmatively shows that the jurisdictional amount may be satisfied.

*Id.* at 631.

■ *Draper,* decided only two years later, expanded the reach of the "Preferred Approach" when it stated the following:

> Even though the Court stated in *McLain* that "if the plaintiff *denies* the request for admission" the case would be removable, the procedure that the Court prescribed was premised on the fact that certain actions or omissions by a plaintiff are sufficient indications that the plaintiff intends to amend her complaint to increase the damages. The Court finds in this case that Plaintiff's refusal to answer the request for admission that she would not seek more than $75,000.00 is indicative of an intent to amend her complaint to exceed the diversity jurisdiction limit. In *McLain* the Court prescribed a straight-forward method by which a defendant could determine whether the plaintiff in good faith intended to remain in state court by avoiding jurisdictional limits of the federal courts. In this case, Plaintiff could have remained in state court with a straight-forward response to the re-

---

**2.** This Court wonders what, exactly, requires "speculation." Plaintiff knows his injures; he knows what treatment he has received or will receive. Plaintiff should, therefore, quite clearly know his damages. In this matter discovery will shed no light on this issue. The Court can only hope that he does not use the term artfully so that he might attempt to amend his complaint at a time that is outside

of the statutory time for the Defendant to remove.

**3.** *See* 28 U.S.C. § 1446(b).

**4.** It is the reasonableness of this belief that precludes an award of attorney's fees and costs in this case.

quest for admission. In so holding, the Court expressly expands the procedure for removal prescribed in *McLain* to allow removal if a plaintiff in any way *fails to admit* she will not seek more than the jurisdictional amount.

*Id.* at 631.(emphasis in original)

Standing alone, these two cases suggest that Defendants have considerable power to force Plaintiffs to admit or deny that their claims meet the amount in controversy threshold. That suggestion is valid. Defendants do have this considerable power, and the Court reaffirms its approval of the "Preferred Approach."

■ But, on facts such as these, the application of the "Preferred Approach" is somewhat tempered by *Tedford v. Warner–Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), a case decided three years after *Draper* and five after *McLain*. In *Tedford* the Fifth Circuit held that, in cases of forum manipulation, there is an equitable exception to the one year requirement of 28 U.S.C. § 1446(b).[5] In the words of the Fifth Circuit, "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Tedford* at 428–29.

Previous to *Tedford* the Fifth Circuit as a whole did not recognize an equitable exception, although some individual district courts, such as this one, had recognized such an exception. *Morrison v. National Benefit Life Ins. Co.*, 889 F.Supp. 945 (S.D.Miss.1995) (noting that, at that time, the Fifth Circuit had not addressed the issue, but nevertheless continuing to hold an equitable exception applied to cases of bad faith forum manipulation). What this theoretically meant was that a plaintiff, by playing a jurisdictional game, could prevent the defendant from removing a case to federal court.[6] It worked like this: "the plaintiff's attorney files a complaint in state court alleging damages below the federal jurisdictional amount. The plaintiff's attorney plans to amend the state court complaint and allege damages well above the federal diversity jurisdictional amount when a year from filing the original complaint has run." *McLain* at 629.[7] Before *Tedford*, plaintiffs could play

---

5. 28 U.S.C. § 1446(b) states in relevant part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Emphasis added).

6. It is unknown to the Court how many district courts invoked an equitable exception when faced with this issue. There are numerous examples of district courts who refused to recognize an exception. E.g., *Jenkins v. Sandoz Pharms. Corp.*, 965 F.Supp. 861, 869 (N.D.Miss.1997); *Russaw v. Voyager Life Ins.*

*Co.*, 921 F.Supp. 723, 724–25 (M.D.Ala.1996); *Martine v. Nat'l Tea Co.*, 841 F.Supp. 1421, 1422 (M.D.La.1993); *Hedges v. Hedges Gauging Serv., Inc.*, 837 F.Supp. 753, 755 (M.D.La. 1993); *Cofer v. Horsehead Research & Dev. Co.*, 805 F.Supp. 541, 544 (E.D.Tenn.1991)(concluding that the statute's plain language and legislative history precluded applying an equitable exception). The point is this: defendants had no guarantee they could rely on such an exception, because at that time the Fifth Circuit had not spoken on the issue.

7. Some Plaintiffs, to their credit, were quite honest about this strategy. In the words of one Plaintiff before this very Court:

In the case at bar, by initially demanding only $49,000.00 in the original complaint, and waiting until after a year had run to request an increase of that demand, plain-

this game and Defendants had no binding precedent to cite for an equitable exception. Times have changed. Now Defendants may, in appropriate circumstances, invoke the exception.

The ability to invoke the exception relates to the application of the "Preferred Approach." As noted above, in *Draper* the Court stated that "[i]n so holding, the Court expressly expands the procedure for removal prescribed in *McLain* to allow removal if a plaintiff *in any way* fails to admit she will not seek more than the jurisdictional amount." *Id.* at 631. The words "in any way" appear to be what Defendants rely on here, and, read literally, the words could encompass a situation such as the present. But the *Tedford* equitable exception takes away any need for these words to have such universal application.

■ In the case before the Court, Plaintiff's Complaint and Answers indicate that he is seeking less than $75,000. Defendants have presented no evidence to the contrary. Without more, this Court cannot simply presume Plaintiff's answers are in bad faith. Were the Court to declare Plaintiff's answers insufficient and retain jurisdiction, it would be a stronger application of the "Preferred Approach" than this Court has ever conducted. Unlike the previous cases before this Court, Plaintiff has actually answered. The fact that Plaintiff in this case answered provides a subtle but important distinction between this case and *Draper*. In *Draper* the Plaintiff did not answer. In a separate motion before the Court, the Plaintiff stat-

ed were she required to immediately answer her response would be:

> Admitted at this time but the Plaintiff reserves the right to change her response if at such time further discovery discloses additional conduct and/or additional parties or entities.

*Draper*, at *1.

That type of behavior has the mark of bad faith, because Plaintiff had refused to answer Defendant's Requests and then, when arguing a separate motion before the Court, could still only give this conditional reply. Here, the situation is different. While the language above is substantially similar to the language used by Plaintiff, it is important that Plaintiff in this case actually answered and appears to have done so in good faith.

It appears Defendants rely on a "hunch" or "suspicion" that Plaintiff actually seeks more. That is not enough. *Lewis v. Abbott Laboratories*, 189 F.Supp.2d 590, 593 (S.D.Miss.2001) (J. Wingate) (stating "defendant, to justify removal, must present this court more than a hunch or suspicion that the amount in controversy exceeds $75,000"). While the Defendants might have preferred for Plaintiff to provide a blanket disclaimer of any attempt to retrieve greater damages, that is not necessarily required. What is required is that Plaintiff set forth, *in good faith*, the amount of damages in the complaint, and that, *in good faith*, he provides Answers to Requests for Admissions. If he does not, Defendants have *Tedford* at their side. In this case, absent evidence to the contrary, this Court presumes the Plaintiff has pled in good faith, and that Plaintiff's Answers were in good faith.[8]

tiff did no more than avail himself of his statutory rights, which he was entitled under the law to do.

*Morrison v. National Ben. Life Ins. Co.*, 889 F.Supp. 945, 947 (S.D.Miss.1995).

8. The Court is aware that under the procedural rules of Mississippi, the *ad damnum* clause of the Complaint may be amended even as

late as at the close of evidence, before the case is presented to the jury. The Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff to perpetrate a fraud on this Court. Should Plaintiff, after the statutory limit for removal has passed, conveniently and coincidentally amend his pleading to seek

For these reasons, the Court finds that Defendants have failed to prove that the requisite jurisdictional amount in controversy is met. Accordingly, Plaintiffs' Motion to Remand [3–1] must be granted, with all parties to bear their own costs associated with the Motion and Response.

### III. *Conclusion*

For all of the reasons set forth above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [3–1] is hereby granted. The Clerk of the Court is hereby ordered to remand this case to the Circuit Court of Leake County, Mississippi.

IT IS FURTHER ORDERED that Plaintiff's Motion to Recover Attorney's Fees and Costs [3–1] is denied.

damages in an amount greater than $75,000, this Court would entertain imposing the *Tedford* exception. The Court would not take such behavior lightly. Litigation is more than a chess game.