United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-61023
Summary Calendar

———————————

JULIUS STURGES, ESTATE, deceased, by and through Gladys Ann
Anderson, individually, and as mother and next friend, and for
and on behalf of the wrongful death beneficiaries,

Plaintiff-Appellant,

versus

MIKE MOORE; ET AL.,

Defendants,

L. GLYNN PEPPER, in his official capacity as the Chancery Clerk
for Hinds County Mississippi; DOUGLAS ANDERSON, in his official
capacity and as president of Hinds County Board of Supervisors;
MALCOLM E. MCMILLIN, Sheriff, in his official capacity as Sheriff
of Hinds County, Mississippi, ALICE LUCKETT; MATTIE MARTIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-10-BN
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The estate of Julius Sturges (the estate) appeals the

district court's denial of its FED. R. CIV. P. 59(e) motion to

alter or amend the judgment to consider the sworn affidavit of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

its expert in ruling on the defendants' summary-judgment motions. The estate argues that its filing of the affidavit comported with FED. R. CIV. P. 56(c) and that the defendants failed to object to its filing. The estate also argues that the affidavit's production was delayed by the defendants' lateness in producing discovery and that the affidavit was filed three weeks prior to the district court's ruling.

The district court held that the estate could show the need for Rule 59(e) reconsideration only by showing an intervening change in controlling law, new evidence not previously available, or manifest injustice. This standard is too stringent. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). In deciding a Rule 59(e) motion the district court should consider the following non-inclusive factors: "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was available to plaintiffs before they responded to the summary judgment motion, and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)(citing Lavespere, 910 F.2d at 174).

None of these balancing factors weigh in favor of denying the estate's Rule 59(e) motion. Although the responsibility for the default is shared by the estate and the defendants and the

information may have been available earlier had the estate filed a motion to compel, the omitted affidavit was critical to the estate's case, and there is little likelihood of unfair prejudice to the defendants should the case be reinstated given that the affidavit was submitted to the district court approximately three weeks before the grant of summary judgment during which time the defendants did not file a motion to strike that affidavit.  The district court abused its discretion in denying the Rule 59(e) motion.  See Lavespere, 910 F.2d at 175.  The denial of the Rule 59(e) motion is VACATED and the matter REMANDED for further proceedings.