Harold J. **BARKLEY, Jr., A Chapter 13 Trustee for the Southern District of Mississippi, and Lock Barkley, A Chapter 13 Trustee for the Northern District of Mississippi Plaintiffs**

v.

**FIRST FRANKLIN FINANCIAL CORP., Corey G. Smith, and Susan Sturgis Defendants**

No. CIV.A. 304CV286BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

April 27, 2005.

Frank Coxwell, Coxwell & Associates, PLLC, Jackson, MS, Harold J. Barkley, Jr. a Chapter 13 Trustee for the Southern District of Mississippi, Locke Barkley a Chapter 13 Trustee for the Northern District of Mississippi, for Plaintiffs.

Michael Devin Whitt, Burr & Forman, LLP, Jackson, MS, Glenn E. Glover, Burr & Forman, LLP, Michael L. Hall, Burr & Forman, LLP, Birmingham, AL, First Franklin Financial Corporation, Corey G. Smith, Susan Sturgis, John Does, for Defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is the Motion of First Franklin Financial Corporation ("First Franklin") to Alter, Amend, or Vacate Order Granting Motion to Remand, filed Jan-

uary 4, 2005. The Court construes the Motion as a Motion to Reconsider. Having considered the Motion, Response, Rebuttal, attachments to each supporting and opposing authority, the Court finds that the Motion is well taken and that it should be granted.

## I. Background and Procedural History

On December 23, 2004, the Court rendered an Opinion and Order which remanded this action to the Circuit Court of Copiah County, Mississippi. This action concerns the alleged predatory lending practices of Defendants, in which Plaintiff[1], who is a trustee of several Chapter 13 bankruptcy cases, alleges that Defendants wrongfully sold insurance products as components of loans to bankrupt debtors. Plaintiff has sued both First Franklin and individual agents Corey G. Smith and Susan Sturgis. In terms of causes of action and damages, Plaintiff asserts in his Complaint

> 'a combination contract, tort, and statutory action…sounding as a breach of contract and tort for tortuous breach of implied covenants of good faith and fair dealing, unfair or deceptive acts and trade practices, breach of fiduciary duties, civil conspiracy, negligence, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, unjust enrichment, restitution, declaratory, injunctive, equitable relief, and punitive damages.'

> Plaintiff seeks an unlimited amount of actual, statutory and compensatory damages, punitive damages, costs of suit, reasonable attorneys' fees, pre-judgment and post-judgment interest, and such other relief as a court may award.

Memorandum of First Franklin in Support of Opposition to Plaintiff's Motion for Reconsideration of Order Granting Remand–Related Discovery, p. 3, filed September 30, 2004 (quoting in part Plaintiff's Complaint).

The Opinion and Order of the Court remanded this action because First Franklin had not responded to the Motion to Remand. In response, First Franklin filed this Motion, arguing that it did not respond to the Motion to Remand because it could not respond. First Franklin argues that it could not respond because Plaintiff would not comply with the discovery requests of First Franklin, and because of this, First Franklin had no information with which to respond to Plaintiff's Motion to Remand.

First Franklin bases this argument on the following sequence of events:

**May 13, 2004:** Plaintiff files the Motion to Remand;

**May 28, 2004:** First Franklin files a Motion for an Extension of Time to respond to Plaintiff's Motion to Remand, and to conduct remand-related discovery;

**June 29, 2004:** Magistrate Judge Alfred G. Nicols grants the Motion of First Franklin for an Extension of Time to respond to Plaintiff's Motion to Remand, and to conduct remand-related discovery. Magistrate Judge Nicols gives the parties until September 30, 2004, to conduct remand-related discovery, and until October 31, 2004, to respond to Plaintiff's Motion to Remand;

**July 27, 2004:** Plaintiff files a Motion for a Protective Order, arguing that Defendants do not need to depose him because (1) First Franklin has already deposed him in a related proceeding in the Bankruptcy Court of the United States for the Northern District of Mississippi and (2) because he has "no knowledge or information that would assist the defendant in asserting their fraudulent join-

---

**1.** Locke Barkley was terminated as a party to this action on September 1, 2004.

der argument." Plaintiff's Motion for Protective Order, p. 2, filed July 27, 2004;

**August 4, 2004:** First Franklin files a Motion to Compel the deposition of Plaintiff;

**August 24, 2004:** Magistrate Judge Nicols grants the Motion of First Franklin to Compel the deposition of Plaintiff and denies Plaintiff's Motion for a Protective Order;

**September 10, 2004:** The Fifth Circuit releases its *en banc* opinion in *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir.2004) ("*Smallwood III*");

**September 15, 2004:** Plaintiff files a Motion to Reconsider the June 29, 2004, Order of Magistrate Judge Nicols granting remand-related discovery, based on *Smallwood III*;

**Week of September 20, 2004:** First Franklin was scheduled to take remand-related depositions during the week of September 20, 2004, and complete remand-related discovery by the discovery deadline, i.e., September 30, 2004, but Plaintiff refuses to go through with the discovery based on *Smallwood III*;

**September 30, 2004:** First Franklin files a Motion to Extend the Time to Conduct Remand–Related Discovery, or to Stay the Case;

**October 20, 2004:** Magistrate Judge Nicols denies Plaintiff's Motion to Reconsider, and provides that the parties have 10 days from the date of the Order to complete remand-related discovery. The Order further provides that Defendants have 30 days from the completion of remand-related discovery to respond to Plaintiffs' Motion to Remand.

**October 28, 2004:** Plaintiffs still refuse to engage in remand-related discovery by filing a Motion to Review Magistrate Judge Nicols' Order granting the Motion of First Franklin to Compel the deposi-

tion of Plaintiff and denying Plaintiff's Motion to Reconsider that ruling; and

**December 23, 2004:** The Court grants Plaintiff's Motion to Remand on the basis that Defendant has not yet replied to the Motion to Remand.

Although the timeline above indicates that Defendants only filed one Motion to Compel the discovery of Plaintiff, the timeline also demonstrates that on at least three different occasions Plaintiff filed a motion to resist the initial order of Magistrate Judge Nicols which compelled discovery, and that on each occasion Defendants objected to Plaintiff's resistance. While Defendants did not file a direct Response to the Motion to Remand, a review of the filings before the Court demonstrates that Defendants indirectly responded to the Motion to Remand in their filings which objected to Plaintiff's resistance to discovery. In those instances, First Franklin directly stated that it could not respond to the Motion to Remand because Plaintiff refused to comply with the discovery orders of the Court. *E.g.*, Motion of First Franklin 1) for an Extension of Time to Respond to Plaintiffs' Motion to Remand and 2) to Conduct Remand–Related Discovery, p. 6, ¶ 16, filed May 28, 2004.

## II. Legal Standard

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Fifth Circuit has held that under a Rule 59(e) motion to reconsider, a district court should consider the following non-exclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion, (2) the importance of evidence or arguments, (3) whether the reasons set for by the movant justifying reconsideration were available to the movant before they responded to the underly-

ing motion, and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834 (5th Cir.2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937–38 (5th Cir.1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 n. 1. (S.D.Miss.1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

### III. Analysis

First Franklin argues that it will suffer unfair prejudice if the Court does not reconsider and reverse its earlier ruling, compel discovery, and provide First Franklin additional time to respond to the Motion to Remand. The Court agrees. Throughout the litigation before the Court, Plaintiff has relied on *Smallwood III* as the purported justification for resisting discovery. That reliance is misplaced, and it resulted in the inability of First Franklin to respond to the Motion to Remand.

In various filings before the Court, Plaintiff has essentially argued that *Smallwood III* prevents *any* discovery in a case such as this, merely because Plaintiff asserted causes of action against diverse and non-diverse Defendants. As First Franklin correctly notes, *Smallwood III* does not preclude discovery in remand-related scenarios such as this. Rather, *Smallwood III* requires remand when a defense, if successfully argued, would be equally dispositive of all claims against all Defendants. *Id.*, 385 F.3d at 575. At this point in the remand action, First Franklin has not yet had an opportunity to respond to the Motion to Remand because Plaintiff has engaged in only extremely limited dis-

covery.[2] If First Franklin has not been able to respond, it follows then that a common defense cannot at this point be equally dispositive of all claims against all Defendants. Plaintiff is putting the cart before the horse by arguing that, based on *Smallwood III*, First Franklin cannot conduct discovery because discovery *might* produce facts that would support a defense equally dispositive of all claims against all Defendants. Indeed, that my occur. But First Franklin must first be given the chance to see if it will. Plaintiff's cannot preclude Defendants from all discovery on the probability that a common defense might arise. Therefore, the Motion to Reconsider is well taken and is granted.

IT IS THEREFORE ORDERED that the Motion of First Franklin to Reconsider [35–1] is well taken and is hereby granted. Accordingly, the Clerk of the Court is directed to restore the Motion of Plaintiff to Remand [4–1] as an outstanding motion on the docket sheet to this action.

IT IS FURTHER ORDERED that the Motion of Plaintiff to Review Magistrate Judge Nicols' Order [30–1] or to Stay Remand Related Discovery [30–2] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the parties must complete remand-related discovery on or before June 5, 2005.

IT IS FURTHER ORDERED that Defendants have 30 days from the completion of remand-related discovery to respond to Plaintiff's Motion to Remand.

---

**2.** The docket sheet to this action reveals that Plaintiff has responded to a request for admis-
sions and a set of interrogatories. *See* docket entry nos. 20 & 23.