United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2003**

Charles R. Fulbruge III
Clerk

REVISED APRIL 23, 2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10582
_____

JERETTA KAY TEDFORD,

Plaintiff-Appellant,

versus

WARNER-LAMBERT CO.; PARKE-DAVIS
DIVISION OF WARNER-LAMBERT CO.;
PARKE-DAVIS PHARMACEUTICALS, LTD.;
SANKYO PARKE-DAVIS; PFIZER, INC.,

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Texas
_____

Before REAVLEY, JOLLY and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

Jeretta Kay Tedford sued Warner-Lambert Co., the maker of the pharmaceutical

Rezulin, in a Texas court. Tedford took Rezulin to treat her Type-2 diabetes and alleges

that the drug caused her liver to fail. One year and ten days after Tedford filed suit,

Warner-Lambert removed the action to federal court. Convinced that Tedford had engaged in forum manipulation, the district court denied Tedford's motion to remand despite the removal statute's requirement that all cases not initially removable be removed within a year of commencement of the action. See 28 U.S.C. § 1446(b) (2003). The district court certified this interlocutory appeal so that we may determine whether equitable exception to the one-year limit on removal is allowed, and, if so, whether an exception should be applied in this case.

We conclude that the statute's one-year limit on removal is subject to equitable exception, and that the district court's application of such an exception was appropriate.

**Background**

Tedford, a resident of Eastland County, Texas, filed suit with Maria Castro, a resident of Johnson County, Texas, against Warner-Lambert and others. The original petition, filed in Johnson County, named only one nondiverse defendant, Dr. Stan Johnson.

In Texas, venue lies in the county in which all or substantially all of the events giving rise to the action occurred or in the defendant's home county.[1] The original petition did not state whom Dr. Johnson treated, but was drafted to suggest that he treated both plaintiffs in Johnson County. Through venue-related discovery, Warner-Lambert learned that Dr. Johnson treated Castro (who had yet to suffer any injury from Rezulin)

---

[1] See TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (Vernon 2002).

2

but not Tedford.  In fact, Tedford's claims have no connection to Dr. Johnson or Johnson County.  Upon Warner-Lambert's motion, the state court severed Tedford's claims and transferred her suit to Eastland County.

Prior to entry of the state court's order, Warner-Lambert informed Tedford of its intent to remove the suit to federal court on the ground of diversity of citizenship because Dr. Johnson was not a proper defendant.  A mere three hours later, Tedford amended her petition to name her treating physician, Dr. Robert DeLuca, a resident of Eastland County, as a defendant.  Warner-Lambert removed the action, asserting that both Johnson and DeLuca were fraudulently joined.  The district court granted Tedford's motion to remand to state court.

The parties then entered into an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure to try the case in Eastland County state court and to a preferential trial setting.  DeLuca filed a motion to abate the proceedings for sixty days because of Tedford's failure to give proper notice under Texas Medical Liability and Insurance Improvement Act.[2]  Without taking any discovery from DeLuca, Tedford signed and post-dated a Notice of Nonsuit before the one-year anniversary of the commencement of her action, but did not notify Warner-Lambert of the DeLuca nonsuit until after the expiration of the anniversary.

---

[2] See  TEX. REV. CIV. STAT. ANN. art. 4590i, § 4.01(a) & (b) (Vernon 2003) (requiring a plaintiff to provide a medical provider with 60 days' notice of her intent to file a medical malpractice action).

Soon after learning of the DeLuca nonsuit and ten days after the expiration of the one-year limit on removal on the basis of diversity of citizenship, Warner-Lambert once again removed the suit to federal court. Tedford moved to remand, claiming the one-year limit barred the removal. Warner-Lambert argued that Tedford's pattern of forum manipulation—particularly her eleventh-hour joinder and then nonsuit of Dr. DeLuca—justified application of an equitable exception to the one-year limit on removal. The district judge agreed, denied Tedford's motion to remand, and certified the issue for interlocutory appeal.

**Discussion**

Section 1446(b) of Title 28 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

We have not previously addressed whether the one-year limit of § 1446(b) is absolute or subject to equitable exception. No other circuit court has published an opinion on this

4

issue,[3] and district courts across the country have come to opposite conclusions.[4]

We are not, however, completely without guidance. "Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'"[5] Moreover, "the time limit for removal is not jurisdictional; it is merely modal and formal

---

[3] But see Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) ("[C]ongress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. . . . [A] plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.") (dictum). After examining the legislative history, we must respectfully disagree with the Burns court. See infra note 9.

[4] Compare, e.g., Jenkins v. Sandoz Pharms. Corp., 965 F. Supp. 861, 869 (N.D. Miss. 1997); Russaw v. Voyager Life Ins. Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996); Martine v. Nat'l Tea Co., 841 F. Supp. 1421, 1422 (M.D. La. 1993); Hedges v. Hedges Gauging Serv., Inc., 837 F. Supp. 753, 755 (M.D. La. 1993); Cofer v. Horsehead Research & Dev. Co., 805 F. Supp. 541, 544 (E.D. Tenn. 1991) (concluding that the plain language of the statute and its legislative history preclude application of equitable exceptions), with, e.g.,Shiver v. Sprintcom, Inc., 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001); Ferguson v. Sec. Life of Denver Ins. Co., 996 F. Supp. 597, 601-03 (N.D. Tex. 1998); Kinabrew v. Emco-Wheaton, Inc., 936 F. Supp. 351, 353 (M.D. La. 1996); Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996); Morrison v. Nat'l Benefit Life Ins. Co., 889 F. Supp. 945, 950-51 (S.D. Miss. 1995); Kite v. Richard Wolf Med. Instruments Corp., 761 F. Supp. 597, 600-01 (S.D. Ind. 1989) (concluding that § 1446(b) is subject to equitable exception).

[5] Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990) (citing Hallstrom v. Tillamook County, 493 U.S. 20, 27 (1989)).

and may be waived."[6]

We applied these principles in Barnes v. Westinghouse Electric Corp. and determined that § 1446(b)'s one-year limit is subject to waiver.[7]  In that case, the plaintiff, Mark Barnes, filed an amended petition naming completely diverse defendants, and Westinghouse removed the case to federal district court within 30 days after the amended petition but over a year after the action had been commenced.  The district court denied Barnes's motion to remand.  Over a year later, Barnes filed a motion to reconsider and argued, for the first time, that Westinghouse did not remove the case within one year of the filing of the original complaint.  On appeal, we held that Barnes's failure to timely assert that the removal was procedurally defective under the one-year limit of § 1466(b) waived his opportunity to contest the removal.

Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.[8]  In the present case, Tedford timely

---

[6]  Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983) (citing Harris v. Edward Hyman Co., 664 F.2d 943 (5th Cir. 1981), London v. United States Fire Ins. Co., 531 F.2d 257 (5th Cir. 1976); Weeks v. Fidelity & Cas. Co., 218 F.2d 503 (5th Cir. 1955)).

[7]  962 F.2d 513 (5th Cir. 1992).

[8]  See Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) ("In the absence of waiver of the [30-day] time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right.").  Having found the first paragraph of § 1446(b) subject to equitable considerations, we find no reason to depart from this precedent with respect to the second paragraph of § 1446(b). See also Doe v.

6

moved to remand. Nevertheless, we are convinced that if Barnes's sleeping on his rights justified application of an equitable exception in the form of waiver, Tedford's forum manipulation justifies application of an equitable exception in the form of estoppel. In enacting § 1446(b), Congress intended to "reduc[e] opportunity for removal after substantial progress has been made in state court."[9] Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction.[10]

_____

Kerwood, 969 F.2d 165, 169 (5th Cir. 1992) (recognizing the equitable power of the court to consider exceptions to the 30-day limit on removal); Vogel v. U.S. Office Products Co., 56 F. Supp. 2d 859, 866 (W.D. Mich. 1999) (tolling the 30-day limit where the delay was caused by the Clerk of the Court's error), rev'd on other grounds, 258 F.3d 509 (6th Cir. 2001); White v. White, 32 F. Supp. 2d 890, 893-94 (W.D. La. 1998) (applying an equitable exception to the 30-day limit on removal where the plaintiff engaged in forum manipulation); Staples v. Joseph Morton Co., 444 F. Supp. 1312, 1313-14 (E.D.N.Y. 1978) (determining plaintiff was estopped from moving to remand where he induced the defendant to refrain from removing within 30 days by promising to discontinue the action); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3732, at 329 n.57 (3d ed. 1998).

[9] H.R. Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032. See also id. ("The result is a modest curtailment in access to diversity jurisdiction.") (emphasis added).

[10] The American Law Institute has proposed a solution to this removal riddle:

Current law invites contrivance to frustrate defendants'

The facts of this case demonstrate this point. Tedford, a resident of Eastland County, filed a complaint with Castro in Johnson County, despite the fact that neither plaintiff could state a cognizable claim under Texas law against the sole nondiverse defendant.[11] She amended her complaint to add her own physician hours after learning of Warner-Lambert's intent to remove.[12] Then, Tedford signed and post-dated the Notice of Nonsuit of Dr. DeLuca prior to the expiration of the one-year period, but did not file the

> legitimate rights of removal by a variety of stratagems, and may operate unfairly even when the plaintiff has good-faith reasons to use litigation tactics that render an action temporarily nonremovable [such as the superior discovery rights against a party as opposed to a nonparty witness]. . . . New § 1447(b) substitutes for the currently overbroad and easily abused one-year time limit on diversity removal a more flexible and limited approach allowing remand of a diversity case in the "interest of justice."

FEDERAL JUDICIAL CODE REVISION PROJECT 157-158 (Am. Law Inst., Tentative Draft No. 3 1999).

[11] Castro could not assert a cognizable claim because she had not yet suffered any injury from Rezulin. See Lauterbach v. Shiley, Inc., 1991 WL 148137, at*9 (S.D. Tex. 1991) ("There is no cause of action under Texas law where a plaintiff's product is and has been functioning without incident. Texas law does not recognize a claim seeking to recover for alleged concern or anxiety that a functioning product might fail at some future unknown time.") (citing Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129, 1131-37 (5th Cir. 1985)). See also Gideon, 761 F.2d at 1137 ("However egregious the legal fault, there is no cause of action for negligence or products liability until there is 'actual loss or damage resulting to the interests of another.'").

[12] Had she sued her own physician at the outset, Texas venue rules would have required the case to be tried in Eastland County, a result she apparently wished to avoid.

8

document with the court or notify Warner-Lambert until after the one-year anniversary of the filing of the complaint.[13] Equity demands Tedford be estopped from seeking to remand the case on the basis of the one-year limit in § 1466(b).

Conversely, the defendants have vigilantly sought to try this case in federal court. Each time it became apparent that the right to remove existed, Warner-Lambert sought to exercise that right. In fact, the first time Warner-Lambert sought to remove the case it notified Tedford as a professional courtesy. Tedford, knowing that the motion would be successful if Johnson remained the sole nondiverse defendant, quickly acted to thwart Warner-Lambert's efforts.

Tedford complains that Warner-Lambert's active participation in state court proceedings by moving to transfer venue to Eastland County, by moving for entry of a confidentiality order, by moving to consolidate under Texas Rule of Civil Procedure 11, and by filing special exceptions waived its right to remove the cause. A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by

---

[13] Tedford argues that a plaintiff's motivations in joining a defendant are immaterial so long as the plaintiff asserts a cognizable claim against the non-diverse defendant. See In re Norplant Contraceptive Prods. Liab. Litig., 889 F. Supp. 271, 276 (E.D. Tex. 1995) (citing Dudley v. Community Pub. Serv. Co., 108 F.2d 119, 123 (5th Cir. 1939) and Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183 (1931)). We cannot agree that her efforts to manipulate statutory rules are immaterial to our determination. For instance, although the Notice of Nonsuit is dated March 11 (the day after the expiration of the one-year period) the record contains a fax, sent March 8, of the document that had already been signed and dated "March 11." The belated filing and service of the Notice of Nonsuit is but one instance of Tedford's consistent forum manipulation.

9

participating in state court proceedings short of seeking an adjudication on the merits.[14]

Nothing Warner-Lambert did, including agreeing to a trial date in Eastland County before it learned of the DeLuca nonsuit, submitted the cause to adjudication on the merits. The authority cited by Tedford is not persuasive, for in each of those cases the defendant moved to dismiss the suit.[15] Accordingly, we find that Warner-Lambert did not waive its right to remove.

### Conclusion

Where a plaintiff has attempted to manipulate the statutory rules for determining

---

[14] Beighley v. FDIC, 868 F.2d 776, 782 (5th Cir. 1989) (quoting 1A JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.157[9] at 153 (3d ed. 1987)), superceded by statute on other grounds as stated by Dendinger v. First Nat'l Corp., 16 F.3d 99 (5th Cir. 1994) (noting that when Beighley was decided, 12 U.S.C. § 1823(e) did not apply to the FDIC in its receiver capacity).

[15] See, e.g. Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co., 933 F. Supp. 1060, 1062 (M.D. Fla. 1996); Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1471 (M.D. Fla. 1993); Heafitz v. InterFirst Bank of Dallas, 711 F. Supp. 92, 96-97 (S.D.N.Y. 1989). Brown v. Demco, Inc. is also distinguishable. In that case, the court noted in dictum that substantial participation in state court proceedings might waive one's right to remove a cause and noted that the defendants had participated in state court proceedings for four years. Without resolving whether the defendants waived the right to remove, the court determined that the first-served defendants' failure to seek removal within thirty days prevented a later-joined defendant from removing under of the rule of unanimity among defendants. 792 F.2d at 481.

Additionally, waiver is "the intentional relinquishment or abandonment of a known right." In re Al Copeland Enters., Inc., 153 F.3d 268, 271 (5th Cir. 1998) (quotations omitted). At the time of the Rule 11 agreement, DeLuca was still a party to the suit. The right to remove arose only upon his dismissal from the action, and thus Warner-Lambert's entering the Rule 11 agreement could not have waived that right.

federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. The facts of this case present just such a circumstance. We affirm the district court's denial of Tedford's motion to remand to state court, and we remand the case to the district court for further proceedings.

AFFIRMED.