**Pearlie B. DAVIS, Plaintiff,**

v.

**MERCK & CO., INC., et. al., Defendants.**

**No. 9:04–CV–229.**

United States District Court, E.D. Texas, Lufkin Division.

Feb. 24, 2005.

Eugene Roger Egdorf, W. Mark Lanier and Kenneth S. Soh of Lanier Law Firm, Carlene Rhodes Lewis and Shelly A, Sanford of Goforth, Lewis, Sanford and Wilson, LLP, Houston, TX, for Plaintiffs.

Richard L. Josephson, Maryanne Lyons, David Michael Rodi and Travis James, Sales of Baker Botts, LLP, Houston, TX, Steven Leonard Russell of Beirne Maynard & Parsons, Dallas, TX, for Defendants Merck & Co., Inc., Merck Medco Managed Care.

### ORDER ON PLAINTIFF'S MOTION TO REMAND

CLARK, District Judge.

Defendant Merck & Co., Inc. removed this case more than one year after it was filed. Merck asserts that equitable tolling of the one year limitation to removal should be allowed because Plaintiff fraudulently joined the non-diverse Defendant, Dr. Haeckler, only to allow him to be dismissed after a year had passed. There is no evidence of an explicit agreement for dismissal as was seen in *Tedford v. Warner–Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). Nevertheless, the evidence establishes that Plaintiff never intended to pursue her claims against Dr. Haeckler, and voluntarily abandoned those claims. Therefore, an equitable tolling exception, as outlined in *Tedford*, should apply, and Plaintiff's Motion to Remand is denied.

## I. BACKGROUND

Plaintiff Pearlie Davis filed her original state court petition in Houston County, Texas on May 29, 2003 against diverse Defendant, Merck & Co., Inc., and non-diverse Defendant, Dr. Christopher Heackler.[1] Plaintiff alleged that the De-

---

1. Plaintiff Davis also sued Defendant Merck Medco Managed Care, Inc., a Merck & Company, Inc. business entity. However, the par-

fendants were responsible for the injuries she suffered as a consequence of her consumption of the prescription drug, Vioxx. Plaintiff alleged six causes of action against the Defendants including negligence, strict liability, misrepresentation, breach of warranty, conspiracy, and fraud.

Under Texas law, Plaintiff's claims against Dr. Haeckler were governed by the Texas Medical Liability and Insurance Improvement Act, Tex.Rev.Civ. Stat. art. 4590i ("MLIIA").[2] Plaintiff was required to file an expert medical report within 180 days of filing suit to support her claims that Dr. Haeckler was liable for her injuries. *See* Tex.Rev.Civ. Stat. art. 4590i § 13.01(d).

On October 17, 2003, Defendant Merck timely removed the action claiming that non-diverse Defendant Dr. Haeckler was improperly joined.[3] On March 4, 2004, the Honorable Leonard Davis, of this Court, granted Plaintiff's motion to remand, indicating that at the time of removal, Merck had not established that Plaintiff Davis did not have a justiciable claim against Dr. Haeckler on the theories alleged.[4] *See* J. Davis' Memorandum Opinion and Order, dated 2/15/04, Cause No. 9:03–CV–269. The case was remanded back to the state district court in Houston County on March 15, 2004 and the district clerk of the state court verified receipt of the case on May 10, 2004.

When the case was remanded back to state court, Plaintiff Davis made no attempt to secure the expert report she would need to substantiate her claims against Dr. Haeckler. On August 6, 2004, Dr. Haeckler filed his motion to dismiss the claims against him based on Plaintiff's failure to file an expert report in compliance with Tex.Rev.Civ. Stat. art. 4590i § 13.01(e)(3).[5] Plaintiff Davis responded on October 28, 2004, only two days before the state court hearing on the matter. Plaintiff Davis' response was based primarily on Plaintiff's counsel's vague assertion that the requirement for the expert report had been mis-calendared. On November 1, 2004, the State Court Judge denied Plaintiff Davis' request for a thirty-day extension to comply with the requirement of filing an expert report under Tex. Rev.Civ. Stat. art. 4590i § 13.01(g) and

---

ties stipulated to the dismissal of Defendant Medco on December 17, 2003.

2. The MLIIA (Article 4590i) was repealed effective September 1, 2003, when the Texas Legislature rewrote Tex. Civ. Prac. & Rem. Code, Chapter 74. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, §§ 10.09, 23.02(a), 2003 Tex. Sess. Law Serv. (repealing the MLIIA effective September 1, 2003). However, the Act repealing Article 4590i also provided that "[a]n action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose." *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Sess. Law Serv. Plaintiff's action was filed May 29, 2003 therefore, the former

MLIIA (Article 4590i) is the controlling law for this case.

3. Defendant Merck was not served with a copy of Plaintiff's original petition until September 17, 2003, therefore, Defendant Merck removed timely within its thirty day window.

4. At the time of removal, Plaintiff's time to file an expert report substantiating her claims against Dr. Haeckler had not yet run. Therefore, while the time had run by March 15, 2004, Judge Davis was obligated to look at the pleading as of the date of removal—October 17, 2003.

5. Dr. Haeckler had previously filed a Fed. R.Civ.P. 12(b)(6) motion in Federal Court before Judge Davis on the same basis, i.e. the lack of an expert report. The motion was not considered given the court's ruling that federal jurisdiction did not exist.

dismissed Dr. Haeckler, the only non-diverse defendant in the case.

On November 12, 2004, Merck removed the case to this court for the second time. Merck argues that there is now evidence that Dr. Haeckler had been improperly joined. Merck asserts that since Plaintiff Davis had, in effect, deliberately abandoned her claims against Dr. Haeckler by not making any attempt to file the required expert report, an equitable tolling exception to the one year removal requirement of 28 U.S.C. § 1446(b) should apply pursuant to the spirit of *Tedford v. Warner–Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). Plaintiff Davis then filed her second motion to remand on December 10, 2004.

## II. LAW & DISCUSSION

### A. Time Limitations on Removal

A defendant must file notice of removal within thirty days after receipt of initial pleadings, or if the case stated by the initial pleadings is not removable, within thirty days of receipt of the pleading or document from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b). The statute also provides that a case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

Merck initially removed the case within thirty days of receiving a copy of the initial pleadings, and within one year of the commencement of the action. The second removal was within thirty days of the dismissal of Dr. Haeckler. However, since this second removal occurred more than one year after the case was filed, is it untimely?

The purpose of the one year limitation of 28 U.S.C. § 1446(b) is to reduce the opportunity for removal after substantial progress has been made in state court. *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 886 (5th Cir.1998). The docket sheet indicates that this case was initially timely removed and remained on the federal docket for a period of approximately five months. It took approximately two months for that state court to administratively re-docket the case after remand. The state court then heard Dr. Haeckler's motion to dismiss and Plaintiff Davis' request for an extension of time and ruled on both matters. No other matters or hearings are reflected on the state court docket.

The court finds there has been little waste of time and resources in the state court. While Congress has not granted federal courts the full diversity jurisdiction authorized by U.S. Const. art. III, § 2, cl. 1, the right Congress has granted a diverse defendant to remove a case to a federal court is important, and should not lightly be disregarded. Given the exceptional circumstances surrounding the timing of Merck's removal notices, it can hardly be said that Merck intended to waive its right to remove this case. Therefore, it is appropriate to consider whether the interests of justice would be served by equitably tolling the one year limitation period.

A need for flexibility in interpreting the thirty-day and the one year limitations on removal in exceptional circumstances has been developed in a series of cases. One of the early decisions recognizing an exception to the otherwise rigid thirty day time limitations was *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967). In *Weems,* the Fifth Circuit noted that a nonremovable case, could become removable, after the thirty day deadline, pursuant to a voluntary act by the plaintiff. 380 F.2d at 547–48. Later, referring to the possibility that a plaintiff might delay naming a defendant in bad faith until after the deadline had expired, the Fifth Circuit stated

that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986).

Where an amendment to a petition after the thirty day deadline so changed the nature of an action as to constitute substantially a new suit, defendant's right to remove was revived. *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241–42 (5th Cir. 2000). Finally, in *Tedford,* the Fifth Circuit held that evidence of Plaintiff's bad faith and desire to circumvent federal jurisdiction could warrant an equitable exception to the one-year limitation on removal. *Tedford,* 327 F.3d at 426–29.

**B. Does Evidence that Plaintiff Davis' Did Not Intend to Prosecute Her Claims, Justify Tolling of Removal Deadlines?**

 The party alleging improper joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000). To prove improper joinder, defendants must show that, at the time of removal, there was: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003). All issues of material fact and ambiguities of law are resolved in favor of the non-removing party. *Griggs v. State Farm Lloyds,* 181 F.3d, 694, 699 (5th Cir.1999).

There was, and is, no dispute over the residence of Dr. Haeckler. At the time of the first removal, which occurred prior to the expiration of the 180 day time limit to file an expert report against the doctor, Merck could not demonstrate actual fraud, nor that there was no possibility of recovery by the plaintiff against the in-state defendant. *See Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir.2004)(en banc).

Now that Dr. Haeckler has been dismissed by the state court, Merck has removed the case again, arguing that Plaintiff Davis manipulated the jurisdictional facts by keeping the doctor in the case for the sole purposes of defeating diversity jurisdiction, and then voluntarily abandoning her claims when a year had passed. According to Plaintiff's Original Petition, Dr. Haeckler was liable for Plaintiff Davis' injuries because he prescribed Vioxx to her for her rheumatiod arthritis in November 1999 and Plaintiff continued her Vioxx ingestion through approximately May 4, 2001. Merck argues that Plaintiff never intended to pursue her claims against Dr. Haeckler because she did not produce an expert report to substantiate her claims against him within 180 days of filing her lawsuit in compliance with Tex.Rev.Civ. Stat. art. 4590i § 13.01(d)1 which states,

"Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted: (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or (2) voluntarily nonsuit the action against the physician or health care provider."

This issue was addressed by the state court during the hearing on Dr. Haeckler's motion to dismiss held November 1, 2004. The State Court Judge found that no report had been filed and granted Dr. Haeckler's motion to dismiss the claims against him.

Plaintiff Davis opposed the motion to dismiss and requested an extension to file the necessary expert report. Under such circumstances the court "shall grant" an extension of thirty days to file the expert report if the court finds that "the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference ..." *See* Tex.Rev.Civ. Stat. art. 4590i § 13.01(g). In the first place, this court finds it unlikely that Plaintiff's counsel could have "mis-calendared" a deadline that was critical to a claim against Dr. Haeckler for a period of approximately eighteen months, unless Plaintiff had never really intended to pursue her claims against Dr. Haeckler. More importantly, the State Court Judge, who was in the best position to review all the facts surrounding the failure to file the report, did not grant the extension, thus necessarily finding that Plaintiff failed to file the expert report intentionally or as a result of conscious indifference, rather than because of accident or mistake.

This ruling, and the necessary implicit finding, supports Merck's position that Plaintiff Davis had, for all practical purposes, voluntarily abandoned her claims against Dr. Haeckler, if she ever intended to pursue them at all. Also telling, is the fact that, in addition to failing to comply with the 180 day deadline of Article 4590i § 13.01(d), Plaintiff had earlier failed to post a bond or file a report as required by Article 4590i(a).

Therefore, while there is not a direct admission of manipulation, such as *Tedford's* letter of agreed nonsuit to a cooperating non-diverse defendant, the evidence does establish Plaintiff's attempt to circumvent the target defendant's valuable right to a federal forum. Plaintiff's consistent failure to take the first step required by Texas statute to prosecute her claims against Dr. Haeckler, over a period of approximately eighteen months, leads to the conclusion that she never intended to pursue, or at the least voluntarily abandoned, her claims against Dr. Haeckler. Under the *Tedford* analysis, such forum manipulation should not be encouraged, and an equitable extension of the one-year limitation on removal should be granted to Merck.

It is therefore **ORDERED** that Plaintiff's Motion to Remand [**Doc. # 6**] is **DENIED**.