SOUTHWICK, Circuit Judge,
dissenting:
It is with great respect for the members of the majority and the care they have taken with their analysis that I nonetheless offer this dissent.
This is my summary of the majority’s conclusions: (1) the real parties in interest for the treble damage claims are the individual policy holders; (2) the authority of the Attorney General to be a representative of individual claimants to treble damages under the Monopolies Act can be assumed; (3) these claims may be adjudicated as a mass action; and (4) the district court on remand is to make the necessary adjustments to restructure the litigation.
My point of departure from the majority is in how we understand our role upon receiving a case removed from state court under the Class Action Fairness Act (“CAFA”), Pub.L. No. 109-2, 119 Stat. 4 (2005). The source of my disagreement as to the result is that I believe when we *433 decide whether a suit is removable under CAFA, we should determine what the case is, not what it must be if all the relief requested is to be part of the litigation. If the majority is correct and the suit is presently deformed, I find we do not have jurisdiction until the necessary transformation into a mass or class action occurs.
The clearest evidence of the difference in my perspective from that of the majority is that my able colleagues have focused exclusively on two legal issues: who are the real parties in interest and the effect of the Eleventh Amendment on our resolution of the procedural issues. My opinion discusses neither, because I find the decision point is elsewhere.
As I will attempt to explain below, one predicate for a CAFA-removable “class action” is that the suit be brought under a statute or rule of procedure that authorizes a representative action, that is, a state equivalent of Rule 23. As presently structured, this suit is not brought under such a statute or rule. Neither is the case presently a mass action. That ends the justification for CAFA removal.
Though the suit is not a mass or class action, perhaps it should be. The Attorney General may have no business bringing the treble damage claims because they belong to others. On the other hand, perhaps under Louisiana law he really may pursue the claims just as he asserts them in his complaint without the necessity of converting the suit into a class or mass action. In my view, though, such issues are not for us to resolve. We have no jurisdiction until there is removed to federal court an action brought in the manner that CAFA requires, by whatever name used as a disguise. We are not limited by the labels that a party chose. See Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 185 (5th Cir.1990). I do not agree, though, that piercing these pleadings reveals a federal case.
I would order a remand to state court. The Defendants could there get state court answers to these state law questions: (1) does the Louisiana Attorney General have authority to bring the treble damage claims under the Monopolies Act; (2) if so, may he bring suit without using the mechanism of a class or mass action; and (3) if such a mechanism must be employed, does the Attorney General wish to amend the suit or to dismiss the treble damage claims?
I now seek to explain my disagreement.

1. Class actions under the Louisiana Monopolies Act

I expect all agree that this action was properly removed if we can legitimately find that it is a suit that fits within CAFA’s definition of a class or mass action. Federal jurisdiction may not be defeated by use of a disguise. Grassi, 894 F.2d at 185. But even when looking underneath the pleadings to discern the true nature of the suit, we begin with the proposition that the plaintiff is the master of his complaint; all contested issues of fact and “any ambiguity or uncertainty in the controlling state law” must be resolved against the party who seeks removal based upon a claim, that the plaintiff has disguised a federal case. See Rico v. Flores, 481 F.3d 234, 238-39 (5th Cir.2007).
Doubts about propriety of removal are resolved in favor of remand. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308-09 (5th Cir.2005). I find that standard of review particularly appropriate when the argument is that the suit is removable under CAFA despite the disguise that it wears.
To determine what constitutes a removable class or mass action, I would look first *434 to the language of CAFA. Under the statute, “class action” is defined as: “any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action” which seeks over $5,000,000 in aggregate damages. 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A). A “mass action” is “any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs’ claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).” 28 U.S.C. § 1332(d)(ll)(B)(i).
The Attorney General denies that he has brought a class or mass action under the Monopolies Act. He maintains that he is acting purely in a parens patriae capacity, thus there is no need to certify a class or join additional parties. The Defendants assert that the Attorney General may seek treble damages under the Monopolies Act but not in his parens patriae capacity. Instead, the Defendants argue that he may only do so by bringing a'class or mass action. This may be a concession; instead, it may be an adroit assertion of the Attorney General’s authority that assists the Defendants’ argument that this case is already a removable class or mass action.
The majority finds this dispute irrelevant because, even if the Attorney General’s parens patriae authority is as extensive as claimed, it cannot change the fact that he will never be more than a nominal party in his pursuit of treble damages. In their view, the policyholders are the real parties in interest. Even if that is so — a point I do not reach — I do not agree that such a conclusion makes this suit a mass action. Instead, I would find that he has simply filed a defective pleading under Louisiana law.
I find that we cannot force the Attorney General to litigate in the posture of a plaintiff in a mass action or, as the Defendants have argued, as a class representative, in order to confer federal jurisdiction. See 7AA Charles Alan Weight, Arthur R. MilleR & MaRY Kay Kane, Fedeeal PRACTICE & Procedure § 1785 (3d ed.1998) (recognizing the principle that a court “should not force the parties to try an action as a class suit when they prefer to litigate in their individual capacities”). Instead, relief to which the Attorney General is not entitled can be denied. If treble damages relief requires it, the Attorney General needs to decide whether to make this a class or mass action. Only when and if that decision becomes necessary will the federal court be assured of its jurisdiction.
To be clear, my concern is not over whether this complaint or Louisiana procedures use any particular label such as “class action.”[1] Instead, I am relying on what CAFA declares to be the essentials of a removable action. The definitive aspect of CAFA-removable “class action” is a statute or rule of procedure that authorizes a representative action as a class action, that is, a state equivalent of Rule 23. The Louisiana Monopolies Act appears to be no such statute. Nowhere does the Act authorize a representative action. To be sure, the Act empowers the Attorney General to enforce its provisions. La.Rev. Stat. § 51:138. But this provision does not cast the Attorney General in the role of a *435 Rule 23 class representative every time he seeks to enforce the Act. Further, the Attorney General has neither joined additional parties nor invoked Louisiana class-action procedures. CAFA’s “class action” provision is not meant to confer federal jurisdiction any time the removing party asserts that the plaintiff must act in a representative capacity. Nor is its “mass action” provision meant to confer federal jurisdiction simply because the removing party suggests that the best way to cure a defective pleading is to join 100 additional parties.
In summary, even if this suit should be a class action (as the Defendants argue) or a mass action (as the majority concludes), there is no jurisdiction until the suit has indeed been brought under a Rule 23 equivalent or as a mass action in state court. I distinguish this jurisdictional issue from the usual one involving removal, which is deciding whether a particular party should be ignored when evaluating the completeness of diversity. Voiding the effect on diversity of a fraudulently joined party confirms the basis for removal and upholds federal jurisdiction. Deciding that a removed case should be a class or mass action does not create or confirm anything. It only states our opinion that the parties after procedural work in state court should make this a removable action.

2. There is no urgent need for the federal court to resolve this question.

My first discussion concerned the legal impediments to removal. This final section will consider prudential matters.
The Attorney General argues that he is authorized under the Monopolies Act to bring the treble damage claim as a representative of injured policyholders without joining the policyholders or certifying a class of policyholders. The Defendants assert that such procedural acrobatics are not possible. Whoever is “right,” we have been directed to no statute, caselaw, or learned commentator that directly supports either assertion. State trial court procedures for raising these issues exist. If amendments to the pleadings are needed in order for this case to proceed, they should not be forced by a federal court after removal. This is the wrong court for forcing such discretionary choices because the only source of our jurisdiction is CAFA.
The other reason for believing we should not proceed in this way is that whether this has to be brought under a statute or rule as a class or mass action before the Louisiana Attorney General may seek these treble damages is primarily a function of state law. The authoritative judicial interpreters of that issue are all in Louisiana state courts. Research has indicated, though the procedures are unfamiliar to me, that the Defendants might easily test the reach of the Monopolies Act in the Louisiana state court by filing a motion in limine litis that challenges the Attorney General’s capacity to bring claims for treble damages in the manner that he has. See Polk v. New York Fire & Marine Underwriters, Inc., 192 So.2d 667, 670 (La.Ct.App.1966); 1 FRANK L. Mahaist, La. Crv. L. Treatise § 6:6 (2d ed.2007). In fact, the Monopolies Act expressly authorizes such a motion, called an “exception,” and provides for an expedited review of the state trial court’s ruling on the motion. La.Rev.Stat. § 51:134.
The state court’s ruling on that motion and any interlocutory appeals that might be permitted would be dispositive on the issues before us and would not be Erie guesswork. Because this case does not present typical, non-CAFA diversity issues, I can perceive no reason to rush questions of state law into the federal courts. Generally, a defendant may not *436 remove a case “on the basis of jurisdiction conferred by section 1332” if a year has passed since the suit was commenced. 28 U.S.C. § 1446(b); see Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir.2003). However, Congress deleted the one-year limitations period for removals under CAFA. 28 U.S.C. § 1453. Congress has thereby ended any need for haste that other times accompanies a defendant’s efforts to show that a case is removable on the basis of diversity jurisdiction. This makes sense when one recognizes that not every state statute or rule of procedure that permits representative actions will mirror Rule 23. It may take some time for state procedural mechanisms to give enough shape to a “representative” state-court action for a federal court to say confidently that it is the type of class action “equivalent” that Congress intended to make removable under CAFA.
I recognize that federal courts have a duty to determine their jurisdiction based on the case that is presented at the time of removal. I am trying to follow that command. This complaint does not present a class or mass action on its face, and it is not brought under a statute or rule authorizing a class action. We should find that federal jurisdiction has not been shown.
I would reverse and order remand to state court. In fairly short order, the skirmishing of motions can be expected, that would resolve there the issues that the majority resolves here. If the result of those motions is to create a class or mass action, then no doubt removal will again occur.
My disagreement with the majority is on forum and timing. Respectfully, I believe the wrong court is making a premature decision.

. A class-action equivalent of Rule 23 exists in Louisiana. La.Code Civ. Proc. arts. 591-597. A suit brought under those provisions would fit neatly into CAFA's class action definition. However, the parties have not invoked the Louisiana equivalent of Rule 23.