# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-20491
Summary Calendar

JOHN CERTA; GIL SMITH, SKELLY, STRONG; CAIN, SMITH & STRONG
II LP; CSS VICTORIA LP; CSS RICHMAN DRIVE LP; CSS EL CAMPO
PROPERTY LP; CSS LAKE JACKSON PROPERTY LP; CSS BAY CITY
PACKAGING PLANT PROPERTY LP; CSS BAY CITY STATION
PROPERTY LP; CSS MATAGORDA PROPERTY LP

                                        Plaintiffs-Appellees

v.

THOMAS CAIN, Individually and in his capacity as an Administrative
Member of Cain Smith & Strong LLC; NANCY CAIN; STARCO ENERGY LP;
FOCUS CAPITAL GROUP AMERICA LP

                                        Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1003

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants appeal the district court's order remanding this

case to Texas state court.  Alternatively, they seek a writ of mandamus (which

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

we have denied in a separate order) because, they claim, the district court did not have any authority to remand by virtue of its failure to apply the equitable exception to the one-year time limit for seeking removal predicated on diversity jurisdiction. See 28 U.S.C. § 1446(b); Tedford v. Warner-Lambert Co., 327 F.3d 423, 427 (5th Cir. 2003). Plaintiffs-Appellees argue that we lack jurisdiction. We agree.

Except in civil rights cases, this court lacks jurisdiction to consider a district court's order granting a motion to remand based on procedural defects in the removal process where, as here, the motion to remand was timely under 28 U.S.C. § 1447(c). See 28 U.S.C. § 1447(d); Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 127 S. Ct. 2411, 2416 (2007); In re Medscope Marine Ltd., 972 F.2d 107, 110 (5th Cir. 1992). Defendants-Appellants argue that the district court remanded the case based on a discretionary finding that Plaintiffs-Appellees had not abused the forum-selection process. The district court remanded this case, however, because the notice of removal was untimely under § 1446(b), not based, for example, on its discretion to remand supplemental state law claims. See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999) ("Reviewable non-§ 1447(c) remands are a narrow class of cases, meaning we review a remand order only if the district court 'clearly and affirmatively' relies on a non-§ 1447(c) basis."). As Defendants-Appellants concede, the one-year time limit of § 1446(b) for removing a case is procedural; thus, the district court's remand on that basis falls within the ambit of § 1447(d) and this court lacks jurisdiction to hear this appeal.

Second, Defendants-Appellants argue that this court has jurisdiction based on the separable order rule, which it characterizes as the "substantive decision" exception. Under this rule, separable orders of the district court that logically and factually precede the remand order, and that are conclusive in the sense that the state court cannot review them, are reviewable, but only if otherwise

2

appealable under, for example, the collateral rule doctrine. See, e.g., Arnold v. State Farm First & Cas. Co., 277 F.3d 772, 776 (5th Cir. 2001). Essentially, Defendants-Appellants invite this court to extend the separable order rule to cover the present facts, in which the district court entered an order remanding the case based on its conclusion that Defendants-Appellants were not entitled to equitable extension under Tedford. We decline the invitation because the district court's consideration of the equitable extension rule announced in Tedford does not turn an otherwise unappeable remand order into two separate orders, one deciding the equitable issue and the other remanding the case.

APPEAL DISMISSED.