**SCHAFER OIL COMPANY, INC., Plaintiff,**

v.

**ANNA PETROLEUM, L.L.C. et al., Defendants.**

**Case No. 3:10–cv–008.**

United States District Court, S.D. Ohio, Western Division, at Dayton.

June 8, 2010.

James L. Thieman, Faulkner, Garmhausen, Keister & Shenk, Sidney, OH, David Bryarly Shuffelton, Fort Laramie, OH, for Plaintiff.

Timothy Shawn Sell, Sell, Hagmann and Zimmerman, Sidney, OH, David M. Treadway, Sidney, OH, for Defendants.

## ENTRY AND ORDER GRANTING MOTION TO REMAND. DOC 7.

THOMAS M. ROSE, District Judge.

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 7.) Therein, Plaintiff requests that the Court remand the instant case to state court as it was removed beyond the one-year limitation on removals in 28 U.S.C. § 1446(b). Because the period is not tolled, the Court will grant the motion. Plaintiff also requests attorney fees and costs. The Court will deny this request.

## I. Background

On November 19, 2008, Plaintiff Schafer Oil filed a Complaint for money damages in the Shelby County, Ohio Court of Common Pleas against Anna Petroleum, L.L.C. ("Anna Petroleum"). Schafer Oil had its principal place of business in Ohio. Anna Petroleum had its principal place of business in Anna, Shelby County, Ohio. The Complaint alleged that Anna Petroleum breached a supply agreement when it failed to pay Schafer Oil. The amount in controversy was $344,140. On December 15, 2008, Schafer Oil amended its complaint to add Muhammad Saeed Choudhry as a Defendant and to increase the requested damages to $491,140. On December 18, 2008, Schafer Oil served Muhammad Choudry with the Complaint. Schafer Oil filed a voluntary notice of dismissal of Anna Petroleum on January 11, 2010. On January 12, 2010, the remaining Defendant Choudry, a citizen of Georgia, filed a notice of removal based upon diversity of citizenship to the United States District Court for the Southern District of Ohio.

Schafer Oil seeks remand of this case to the Court of Common Pleas for Shelby County on the basis that Defendant Choudhry's notice of removal, timed from the commencement of the state court action, exceeded the one-year limit stated in 28 U.S.C. § 1446(b). Schafer Oil also requests attorney fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

## II. One-year Limitation on § 1446(b) Removal

The federal courts have jurisdiction over civil actions between citizens of different

states where the matter in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. § 1332(a). An applicable exception exists in this instance. Under § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one that is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

Defendants assert that the one-year time limitation set in § 1446(b) should be subject to equitable tolling. If equitable tolling applies, then removal is proper; if not, then remand to the state court is necessary, because § 1446 forbids removal outside of the one-year limitation.

"Federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999). In addressing whether the one-year limit is subject to equitable tolling, the Sixth Circuit has written that "... diversity jurisdiction of the court is determined by Congress, and courts are powerless to question the fairness of any limits imposed on that jurisdiction." *Brock v. Syntex Lab.*, 1993 U.S.App. LEXIS 25714, 1, 1993 WL 389946, 1 (6th Cir. Oct. 1, 1993). This powerlessness may extend even to cases with facts that might suggest a party has "engaged in a manipulation of the rules of pleading." *Id.* The affirmed decision of the district court characterized the one-year limitation as, "... a blanket prohibition on removal of diversity cases more than one-year after commencement." *Brock v. Syntex Laboratories, Inc.* 791 F.Supp. 721 (E.D.Tenn.1992).

Conversely, other courts have recognized equitable tolling where a party demonstrates a strong pattern of forum manipulation. *Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 424 (5th Cir.2003) (providing equitable relief to a defendant that was arguing that the plaintiff's gamesmanship prevented the defendant from exercising the right of removal). But even where courts have evoked equitable tolling, it has been done only where a party was conducting what the court could only construe as explicit forum manipulation. In *Tedford*, this included amending a complaint to include a defendant from the same state as the plaintiff, after the original defendant had informed the plaintiff that he intended to remove the case to federal court based on diversity jurisdiction. Once the one-year limitation had passed, the plaintiff signed and postdated a Notice of Nonsuit, without ever even taking discovery from the nondiverse party. *Id.* at 425. This action revealed a purpose: the nondiverse defendant had served only as a means to run out the clock on the original defendant.

A set of facts strikingly similar to the present case appears in David D. Siegel's "Commentary on 1988 Revision" (West 1991 supp.):

> A plaintiff with [the] motive [to resist removal] can conceivably join as a defendant, in a case in which there is genuine diversity between the plaintiff and the other defendants, someone of nondiverse citizenship whom the plaintiff does not really intend to sue but who is arguably liable on the claim and hence properly joined under state law. The plaintiff can then just wait the year and drop that party, polishing his action to just

the point he wants it and at the same time ridding himself of the threat of federal jurisdiction.

Siegel concludes a court can avoid this result only where the plaintiff has, to defeat removal, sued a nondiverse party against whom the plaintiff *cannot* recover. *See also Wecker v. National Enameling & Stamping Company,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907). Here, the Defendant has not alleged that Anna Petroleum was a fraudulently joined party, as contrasted with the explicitly "strategic" defendant of *Tedford.*

■ Defendant asserts that because Plaintiff was unlikely to be able to actually recover from Anna Petroleum because of its financial state, Anna Petroleum was "irrelevant" to the case. Chodry misuses the term "irrelevant." His use infers economic irrelevance, but not legal irrelevance. Countless cases throughout the history of the civil courts exist where a successful plaintiff was unable ultimately to recover that which the defendant owes him. This does not mean his suit was irrelevant, and at any time he would still have the opportunity to dismiss the defendant or continue with his claim. There is no manipulation in bringing and dismissing a legitimate claim against a nondiverse defendant.

While the dismissal of Anna Petroleum would create diversity under § 1332, the notice of dismissal was not filed within one year after commencement of the action, forbidding removal under § 1446(b). Even if the Court were to recognize equitable tolling principles for § 1446(b), without forum manipulation rising to the levels of *Tedford,* it would not be applicable to the current case.

### III. Request for Attorney Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Congress designed this provision to permit removal in appropriate cases while reducing the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.,* 2010 U.S. Dist. LEXIS 40699, 2010 WL 1372412 (S.D.Ohio Mar. 31, 2010). The decision to award or to deny attorney fees is within the district court's discretion. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *Ahearn v. Charter Twp. of Bloomfield,* 1998 U.S.App. LEXIS 13445, 1998 WL 384558 (6th Cir. June 18, 1998). "A threshold determination of bad faith, improper purpose, or vexatious or wanton conduct [is] not necessary." *Morris,* 985 F.2d at 240.

■ However, the court is not required in every instance to award attorney fees whenever removal is improper. An award of attorney fees is appropriate only "where the defendant's attempt to remove the action was [not] 'fairly supportable', or where there has not been at least some finding of fault with the defendant's decision to remove." *Ahearn,* 1998 WL 384558 at *2, n. 2. Conversely, "a court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *Id.* "In deciding whether to award fees under § 1447(c), the merit of the removal is much more important than the motivation for the removal . . . . it is the overriding consideration." *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 634 (N.D.Ala.1995).

■ Although equitable tolling has not been used in the Sixth Circuit, they have not entirely precluded its use in the future at a time when it is appropriate and necessary. The Fifth Circuit has recently established equitable tolling as an unequivocal principle, and it was not unreasonable for Defendant to hope that his facts might

serve as its birthplace within the Sixth Circuit. While it is unsupported by current Sixth Circuit case law, it was not wholly unreasonable to cite to the Fifth Circuit, in light of the recent developments regarding equitable tolling. Merely forwarding arguments that have proven persuasive in other circuits is unlike the case the Plaintiff cites, *Gray v. New York Life Ins. Co.*, where "the removal was improvident and of the 'knee-jerk' variety." *Id.* Defendant's removal, although ultimately found to be improper, was fairly supportable.

## IV. Conclusion

Because the instant case qualifies for remand, and because the statutorily mandated factors to be considered weigh in favor of remand, Plaintiff's Motion to Remand, doc. 7, is **GRANTED.** The Clerk is ordered to **REMAND** the instant case to the Court of Common Pleas, Shelby County, Ohio. Because Defendant's argument for removal was fairly supportable, the request by Plaintiff for attorney fees is **DENIED.** The instant action is terminated from the dockets of the United States District Court, Southern District of Ohio, Western Division at Dayton.