# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2011

No. 10-11112
Summary Calendar

Lyle W. Cayce
Clerk

BIG COUNTRY VEIN RELIEF, L.P.,

Plaintiff–Appellee,

v.

DIRECTORY ASSISTANTS, INCORPORATED,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CV-70

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Directory Assistants, Inc. (DAI), appeals the district court's order remanding this case to the state court from which it was removed.  Because we determine that we are without jurisdiction, we dismiss the appeal.

**I**

Big Country Vein Relief (Big Country), a Texas citizen, filed this lawsuit against DAI on July 6, 2009, seeking to enjoin pending arbitration proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11112

After DAI, a citizen of Connecticut, timely removed the case to federal court on the basis of diversity jurisdiction, the subject arbitration occurred. Big Country then moved for remand. DAI opposed remand, arguing that because the arbitration had already occurred, the motion was moot. Big Country subsequently filed an unopposed motion for leave to file an amended complaint. The amended complaint added four non-diverse entities as additional defendants, and also sought a declaratory judgment that the arbitration award against Big Country was unenforceable. The United States District Court for the Northern District of Texas thereafter issued an order denying Big Country's original motion to remand, but upon motion for reconsideration, reversed course and remanded the case to state court on November 23, 2009.

Almost eight months later, on July 16, 2010, Big Country filed a motion in state court to vacate the arbitration award. The certificate of service for that motion indicated that only DAI, and not the four additional defendants, was served. DAI subsequently appeared at a state court hearing on August 5, arguing unsuccessfully that the lawsuit should be stayed. On August 16, DAI again removed to federal court. Big Country moved for remand, asserting that the removal, filed more than a year after the original lawsuit was filed on July 6, 2009, was untimely under 28 U.S.C. § 1446(b). DAI acknowledged that the removal was untimely, but urged the district court to ignore that defect pursuant to the equitable tolling exception to § 1446(b)'s one-year time limit recognized by this court in *Tedford v. Warner-Lambert Co.*[1] DAI argued that application of the equitable exception was warranted because Big County had engaged in forum manipulation, as evidenced by its assertion of purportedly non-viable claims against, and lack of service upon, the additional non-diverse

---

[1] 327 F.3d 423, 426 (5th Cir. 2003) ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").

No. 10-11112

defendants. Unpersuaded, the district court granted Big Country's motion to remand. This appeal followed.

## II

The threshold issue in this case is whether federal law permits us to review the district court's remand order. Our authority to review district court orders remanding removed cases to state court is substantially limited by 28 U.S.C. § 1447(d). That statute provides, subject to an exception not relevant here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Despite this seemingly broad prohibition on appellate review, the Supreme Court has "interpreted § 1447(d) to cover less than its words alone suggest."[2] Specifically, "§ 1447(d) should be read *in pari materia* with § 1447(c), so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former."[3] Section 1447(c), in pertinent part, provides,

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Section 1447(d), then, precludes review "only of remands for lack of subject-matter jurisdiction and for defects in removal procedure."[4]

Here, DAI correctly concedes that its failure to remove within 28 U.S.C. § 1446(b)'s one-year time limit is a defect in removal procedure for the purposes

---

[2] *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 229 (2007).

[3] *Id.* (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976)).

[4] *Id.* at 229-230 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *see also Powerex Corp.*, 551 U.S. at 230 ("[T]he prohibition on appellate review remains limited to remands based on the grounds specified in *Quackenbush*.").

of § 1447(c).[5] On its face, this concession seems to end our jurisdictional inquiry: we lack jurisdiction when a remand order is based on a defect in removal procedure.

DAI nevertheless posits that review is not foreclosed by § 1447(d), pointing to several decisions concerning discretionary remands of supplemental state law claims, including the Supreme Court's recent decision in *Carlsbad Technology, Inc. v. HIF Bio, Inc.*[6] There, the Supreme Court held that when a district court's remand is premised on its decision not to exercise supplemental jurisdiction over state law claims, appellate review is not barred by § 1447(c) and (d).[7] The Court reasoned that a district court's decision to decline supplemental jurisdiction is "not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them."[8] DAI asserts that the district court's refusal to apply equitable tolling in this case was likewise discretionary, and therefore a non-§ 1447(c) ground for removal.

This argument fails because the district court's equitable tolling decision goes to the merits of whether a procedural defect in removal existed. Had the district court applied equitable tolling, DAI's removal would have been considered timely, eliminating the procedural defect. By contrast, a district court's decision either to exercise or to decline to exercise supplemental jurisdiction has no bearing on whether a jurisdictional defect exists in a case.

---

[5] *See Things Remembered, Inc.*, 516 U.S. at 128 ("There is also no dispute that the District Court remanded this case on grounds of untimely removal, precisely the type of removal defect contemplated by § 1447(c)."); *see also Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (stating that an untimely removal petition "constitute[s an] allowable § 1447(c) reason[] for remand").

[6] 129 S. Ct. 1862 (2009).

[7] *Id.* at 1867.

[8] *Id.*

No. 10-11112

We also note that we have previously rejected, in an unpublished opinion, the same argument now advanced by DAI.[9]

The district court determined that equitable tolling did not apply and entered an order remanding based on DAI's untimely removal, a procedural defect within the bounds of § 1447(c).  Whether the district court correctly applied the doctrine of equitable tolling in this case does not concern us, as our precedent "prohibit[s] us from reviewing a remand order entered pursuant to § 1447(c) whether erroneous or not."[10]  We therefore conclude that we lack jurisdiction to hear this appeal.

\*       \*       \*

APPEAL DISMISSED.

---

[9] *Certa v. Cain*, 308 F. App'x 845, 847 (5th Cir. 2009) (unpublished) (per curiam) ("Defendants–Appellants argue that the district court remanded the case based on a discretionary finding that Plaintiffs–Appellees had not abused the forum-selection process. The district court remanded this case, however, because the notice of removal was untimely under § 1446(b), not based, for example, on its discretion to remand supplemental state law claims.  As Defendants–Appellants concede, the one-year time limit of § 1446(b) for removing a case is procedural; thus, the district court's remand on that basis falls within the ambit of § 1447(d) and this court lacks jurisdiction to hear this appeal." (internal citation omitted)); *see also Anton Leasing, Inc. v. Engram*, No. 87-1072, 1988 WL 33381, at \*1 (4th Cir. Apr. 14, 1988) (unpublished) (per curiam) (dismissing appeal for lack of jurisdiction under § 1447(d) despite appellant's equitable tolling argument).

[10] *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 766 (5th Cir. 1999) (quotation marks and citations omitted).

5